JESÚS FIGUEROA TORRES ET AL., Plaintiffs and Appellants, v. MARÍA PÉREZ LUGO ET AL., Defendants and Appellees.

No. 8731.    Argued November 12, 1943.—Decided November 30, 1943.

*Pedro E. Anglade* for appellants. *Antonio Reyes Delgado* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The plaintiffs brought, in the District Court of Arecibo, an action for the annulment of a summary foreclosure proceeding. In their complaint they alleged that Jesús Figueroa, for himself and in his capacity as attorney in fact of his wife Carmen Boneta Salvat, constituted a voluntary mortgage in favor of the Misses María, Sinforiana, Eugenia, and Isabel Pérez Lugo to secure the payment of a loan

of $2,400, plus $600 as interest and $200 estimated for costs, expenses, and attorney's fees; that the mortgage was constituted on an urban property which is described in the complaint and which contains "an area of 271 square meters and 84 square centimeters"; that upon the mortgage contract being recorded, the Registrar of Property of Arecibo stated in part as follows:

"RECORD is made of the foregoing instrument, which is a copy of deed No. 49 executed in this city on the 21st of April last, before Notary Luis Mercader, after examining another instrument at the back of folio 154, volume 143 of this municipality, property No. 6360, second inscription, and *recording is denied as to the area which appears in the registry and the one which is set forth in the title . . .*" (Italics ours.)

The plaintiffs further alleged that after the mortgage credit had become due, the creditors proceeded to summarily foreclose the same, and to that end they filed on August 30, 1933, "*an amended initial petition,*" and the court, on September 1, 1933, issued a writ demanding payment "despite the fact that the certificate of the registrar was issued by the latter on September 29, 1933, that is, 29 days after the issuance of the writ demanding payment, and that in said certificate the registrar stated as follows:

" '. . . which mortgage was recorded in favor of said creditors *only as to the area of two hundred and forty-one square meters and fifty-one square centimeters* which appears from the Registry, and recording was denied as to the difference up to the area set forth in the title, since the same does not appear recorded in the name of the debtor . . .' " (Italics ours.)

The plaintiffs also alleged that, notwithstanding the mortgage "had not been recorded with respect to the immovable described in the deed," the foreclosing creditors, defendants herein, "in the *initial* petition . . . falsely and with knowledge of such falsity alleged, in their *amended* inital petition:

" 'That from the certificate attached to the present complaint, which was issued by the Registrar of Property of Arecibo, under

date of July 8, 1933, it appears that the mortgage sought to be foreclosed is recorded and overdue . . .' ''

Lastly, the plaintiffs alleged as a ground of nullity of the summary foreclosure proceeding, that the District Court of Arecibo had acted without jurisdiction of the same, because "since said mortgage was not recorded with respect to the property described in the complaint, said court had no power to issue the above-mentioned writ demanding payment, for the record of the mortgage having been partially denied, such a mortgage did not constitute a real charge upon the described immovable."

The defendants demurred to the complaint on the grounds (1) of failure to state facts sufficient to constitute a cause of action, (2) of misjoinder of parties defendant, and (3) of ambiguity.

After hearing the parties the lower court sustained the first and third grounds of demurrer and granted ten days to the plaintiffs to file an amended complaint. After several months had elapsed, the plaintiffs petitioned the court to render final judgment "in order that they might be in a position to appeal to the Hon. Supreme Court." The court did so accordingly and the plaintiffs took the present appeal in which they maintain that the judgment rendered "is contrary to the established law and the jurisprudence construing the same," and that the court erred in adjudging the plaintiffs to pay the costs and $150 as attorney's fees.

■ The grounds on which the lower court relied for its judgment were in part as follows:

"The complaint, according to the eighth paragraph thereof, is principally based on the claim that the mortgage deed involving the former foreclosure suit had not been recorded in the registry, yet the plaintiffs, in the sixth paragraph, copied the note of the registrar from which it appears that the mortgage contract was so recorded, although exception was made of the difference or small excess in the area of the property set forth in the deed as compared with the one appearing in the registry. The amount of that difference

is stated in the note of the registrar which is copied in the seventh paragraph of the complaint, wherein it again appears that the mortgage was recorded as to an area of two hundred and forty-one square meters instead of two hundred and seventy-one which is included in the description of the property set forth in the fifth paragraph of the complaint.

"Although the plaintiffs in their complaint present those facts, albeit in a somewhat confused form, they have ingeniously sought to show merely by the use of words that the mortgage was not recorded and that it was foreclosed without it being recorded. If two different immovables had been involved—one being the subject matter of the mortgage and the other being recorded with the former area —the registrar could not have made any record of the contract as he did.

"Another ground of the complaint is that a writ of execution was issued without a certificate of the registrar having been presented with the initial petition; but from the complaint itself it appears that there were presented two certificates: one when the petition for foreclosure was filed and another, of an explanatory character, subsequently. The fact is that the clever way in which such facts and admissions have been set out by the plaintiffs produce confusion and ambiguity. Let us see: in the seventh paragraph of the complaint it is alleged that the writ demanding payment was issued on September 1, 1933, and that the certificate was issued on the 29th of the same month; but in the eighth paragraph of the same complaint it is submitted that there has been presented, jointly with the initial petition for foreclosure, a certificate issued by the registrar on July 8, 1933, and the date on which said initial petition was filed is silenced. From the note of the registrar, which is copied in the seventh paragraph, in connection with what appears from the eighth paragraph of the complaint, it is logically inferred that there were two certificates, *and that the last one, of September 29, was not the basis of the demand served,* but constituted an explanatory statement regarding the denial of the record as to the small difference in square meters between the area stated in the mortgage deed and the one set forth in the registry." (Italics ours.)

In our judgment, the lower court did not err in sustaining the demurrer. The complaint not only is ambiguous but also fails to state facts sufficient to constitute a cause of action.

The mortgage had been constituted by Figueroa and his wife upon a property measuring 271 square meters which they described in the deed. Said mortgage was duly recorded as to the true area of the property, 241 square meters, as it appears from the registry. The record was denied only as to the difference in area amounting to 30 square meters. The mortgage creditors only acquired such security as the debtors could give them according to the area of the recorded property. Although when foreclosing their credit they alleged that the property had an area of 271 square meters for the purpose of the recording of the property, the debtors did not own a property measuring 271 square meters, but one containing 241 square meters, and it was on the latter that the recorded mortgage had been constituted. It was the mortgage debtors themselves who led the creditors into error when they stated that they were giving a greater security than the one which they actually furnished. If any one was injured it was the creditors. In these circumstances, it can not be maintained, as claimed by the appellants, that the creditors falsified the facts in the summary foreclosure proceeding. If the mortgage which was constituted and recorded only encumbered a property of 241 square meters owned by the Figueroa spouses, it was rather the latter who falsified the facts when constituting the mortgage.

As to the allegations contained in the complaint which refer indistinctly to the initial petition, the amended initial petition and the certificates issued by the registrar, they were stated so ambiguously and confusedly that we do not think that the lower court erred in holding that the complaint was ambiguous and unintelligible. What the amended certificate did was to explain, through the specific statements of the registrar, that the mortgage had been recorded as to the true area of the property and the record denied only as to 30 square meters. In any event, the plaintiffs had an opportunity to amend their complaint by setting forth the

facts with due clearness—instead of with ambiguous and confusing cleverness as they did—and they refused to do so, requesting that final judgment be entered against them. In view of the attendant circumstances, we are not convinced that the lower court erred in imposing upon them the payment of attorney's fees.

The judgment appealed from must be affirmed.